FILLEY et al., Administrators, Appellants, v. McHENRY.

1. **Appellate Court:** WEIGHING EVIDENCE. Appellate courts will not weigh evidence in actions at law.

2. **Contract.** An agreement to pay the debts of one person is not an agreement to pay the debts of another, whose business the first had purchased.

3. **Instructions.** A judgment will not be reversed for the giving of an improper instruction if it is clear that the jury were not thereby misled.[*]

Appeal from St. Louis Court of Appeals.

AFFIRMED.

Wm. C. Jones and John D. Johnson for appellants.

J. S. Fullerton and Hugo Muench for respondent.

EWING, C.—Plaintiffs alleged that the defendant and Peter L. Foy were, on April 4, 1868, co-partners, and as such purchased the *Evening Dispatch* newspaper, and in part consideration for the payment thereof, assumed to pay to plaintiffs' intestate certain moneys alleged to have been owing by said *Evening Dispatch* to said Oliver D. Filley, deceased, and this suit was commenced to recover the money due to Filley. The defendant's answer put in issue all the allegations in plaintiffs' petition, and especially the averment that defendant and Foy were copartners, and had assumed the payment of the debt sued for. Upon a trial of the case there was a verdict and judgment for the defendant, from which plaintiffs appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, and from whose judgment plaintiffs appeal to this court.

After a thorough examination of the record, and the

---

[*] These syllabi are taken from 12 Mo. App. 581.

opinion of the court of appeals, we can find no substantial error in the trial court, for which this case ought to be reversed. On the contrary we believe the well considered opinion of the court of appeals correctly lays down the law of the case, which we adopt as our report without re-writing at length the reasons therefor. The judgment of the court of appeals is, therefore, affirmed. All concur.